# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| IN RE: | ) CHAPTER 7 |
| KATHY LYNN ANDREWS, | ) CASE NO. 05-66973 |
| Debtor. | ) ADV. NO. 06-6001 |
| KEVIN D. LOTT, | ) JUDGE RUSS KENDIG |
| Plaintiff, | ) |
| v. | ) |
| KATHY LYNN ANDREWS, | ) **MEMORANDUM OPINION** |
| | ) **(NOT INTENDED FOR** |
| | ) **PUBLICATION)** |
| Defendant. | ) |

Now before the court is Defendant's motion to vacate the default judgment order entered by the court on June 20, 2006. A hearing on the motion was held on July 17, 2006. Attorney Robert G. Rubin, counsel for plaintiff, and attorney Jon Hollingsworth, on behalf of Defendant, appeared at the hearing. At the hearing, the court established a briefing schedule. Both parties have filed briefs in support of their position.

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334, 157, and the general order of reference entered in this district on July 16, 1984. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I). Venue in this district and division is proper pursuant to 28 U.S.C. § 1409. The following constitutes the court's findings of fact and conclusions of law pursuant to Federal Rule of Bankruptcy Procedure 7052.

This opinion is not intended for publication or citation. The availability of this opinion, in electronic or printed form, is not the result of a direct submission by the court.

## FACTS

Debtor filed a chapter 7 case on October 7, 2005. On January 3, 2006, prior to the expiration of the deadline to object to discharge, Plaintiff filed the instant adversary proceeding. Plaintiff's complaint references 11 U.S.C. §§ 523 and 727 and seeks to find marital obligations owed by Debtor nondischargeable. The specific debt at issue arises from 2001 federal and state tax liabilities incurred during the parties' marriage. Pursuant to the parties' separation

agreement, incorporated into the decree of divorce, the parties agreed to equally share responsibility for the taxes, including interest and penalties. Plaintiff seeks a determination that Debtor's obligation on this debt survives discharge.

Following the filing of the complaint, Plaintiff requested issuance of a summons and the court issued the summons on January 9, 2006. Plaintiff filed proof of service of the summons on January 17, 2006, indicating that the summons and a copy of the complaint were mailed regular first class United States mail to Kathy Lynn Andrews aka Kathy Lynn Lott, 3111 Bollinger Ave., N.E., Canton, OH 44705. This is the address listed in the voluntary petition. On July 16, 2006, Plaintiff amended the proof of service of the summons and certified that the summons was also mailed to Plaintiff's counsel on January 17, 2006.

Defendant did not file an answer to the complaint, nor did she or her attorney appear at the pretrial conference scheduled on March 22, 2006. On June 9, 2006, Plaintiff filed a motion for default judgment. The certificate of service attached to the motion attests that the motion was mailed to both debtor and her attorney, John H. Hornbrook. The court granted the motion and an order was entered on June 20, 2006.

On June 26, 2006, Defendant filed the present motion to vacate the default judgment order. As grounds for the motion, Debtor states she "moved on 2 separate occasions and further . . . had 2 family members pass away who lived out of state which is why she could not attend the pre-trial (sic)." Plaintiff objected to the motion and argued that Defendant must show an "excusable reason" for her failure to file an answer to the complaint. Plaintiff also posits that Defendant must demonstrate a bona fide defense to the allegations raised in the complaint.

At the hearing on the motion to vacate the order for default judgment, the court ordered the parties to submit briefs in support of their respective motions. Both parties complied.

## LAW AND ARGUMENT

Debtor does not cite any law or authority, in either her motion to vacate the order for default judgment or her amended brief, as the basis for the relief sought. Since it is clear that Debtor moves to vacate the order granting default judgment, the court will interpret the motion as a motion to vacate for "excusable neglect" made pursuant to Federal Rule of Bankruptcy Procedure 9024 which incorporates Federal Rule of Civil Procedure 60. Rule 60(b) reads in pertinent part:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect. . . .

Fed. R. Civ. P. 60(b).

Debtor, as the moving party, has the burden of proof. Manufacturers' Indus. Relations

Assoc. v. East Akron Casting Co., 58 F.3d 204, 207 (6th Cir. 1995). Although the decision to set aside a default judgment is left to the court's discretion, there is also a recognition that trial on the merits is favored in federal court. *See, e.g.* INVST Fin. Group, Inc. v. Chem-Nuclear Sys., Inc., 815 F.2d 391, 397; United Coin Meter Co. v. Seaboard Coastline R.R., 705 F.2d 839, 846 (6th Cir. 1983); Baveley v. Powell (In re Baskett), 219 B.R. 754, 757 (B.A.P. 6th 1998).

Three factors comprise the court's consideration of a motion to vacate a default judgment: "(1) whether plaintiff will be prejudiced if the judgment is vacated; (2) whether the defendant had a meritorious defense; and (3) whether culpable conduct of the defendant led to the default." Spencer Central Developers, LLC v. Sterling Rubber Products Co. (In re Sterling Rubber Products Co.) (unpublished), 2006 WL 345860, *5 (B.A.P. 6th Cir. 2006) (citing United Coin Meter, 705 F.2d at 845). It is movant's duty to demonstrate "first and foremost that the default did not result from [Defendant's] culpable conduct." Sterling Rubber, 2006 WL at *5 (citing Weiss v. St. Paul Fire & Marine Ins. Co., 283 F.3d 790, 794 (6th Cir. 2002)).

As grounds for her motion, Debtor states that she moved two times and that she did not attend the pretrial because she because two family members who lived out of state passed away. Plaintiff's proof of service on the summons and the motion for default indicate service at the address listed in Debtor's bankruptcy petition which is the address of record in the bankruptcy case and in this adversary proceeding. In spite of her obligation under Federal Rule of Bankruptcy Procedure 4002(5), Debtor did not file any change of address with the court. To this date, there is no record of a change of address on file with the court.

A party's failure to update or change an address is generally viewed as a legal risk assumed by the party that may result in harsh and enforceable consequences. *See, e.g.,* (Villarreal v. Laughlin) In re Villarreal, 304 B.R. 882 (B.A.P. 8th 2004); Davis v. Case (In re Davis), 275 B.R. 864 (B.A.P. 8th 2002); Ingerman v. Shapiro (In re Shapiro), 265 B.R. 373 (Bankr. E.D.N.Y. 2001); In re A.H. Robins Co., Inc., 197 B.R. 488 (Bankr. E.D. Va. 1994); Buck v. U.S. Dep't of Agriculture, 960 F.2d 603 (6th Cir. 1992); Ellenberg v. Board of Regents of Univ. Sys. of Georgia, 194 B.R. 690 (Bankr. N.D. Ga. 1996). Defendant clearly had an obligation under the bankruptcy code to provide a change of address to the court during her chapter 7 case as delineated in Federal Rule of Bankruptcy Procedure 4002(5). Her failure to fulfill that duty is culpable conduct which directly led to the entry of the default judgment. Since Defendant was culpable, she has failed to satisfy the first prong of the proof needed to set aside default judgment.

## CONCLUSION

Defendant had a duty under the bankruptcy rules to provide the court with a change of address while her bankruptcy case was open. Her failure to keep the court apprised of her new address was a clear violation of this duty and constitutes culpable conduct. Her culpability precludes a finding that the failure to answer the complaint was the result of "excusable neglect" and therefore Defendant's motion to set aside the default judgment must fail.

An order denying Defendant's motion to vacate is issued contemporaneously with this memorandum.

DEC 12 2006

/s/ Russ Kendig
Russ Kendig
United States Bankruptcy Judge

Service List

Robert G. Rubin
315 Tuscarawas St., West
National City Bank Building, #301
Canton, OH 44702

John Hornbrook
1400 N. Market Ave.
Canton, OH 44714-2608

Kathy Lynn Andrews
3111 Bolinger Ave NE
Canton, OH 44705